Affirmed and Opinion filed July 3, 2002












Affirmed
and Opinion filed July 3, 2002.

 




 
 
 
 
  
 
 
 
 




In The

 

Fourteenth Court of Appeals

____________

 

NO.
14-00-01335-CV

____________

 

NGA VAN NGUYEN D/B/A EUROTEX
INVESTMENT CO., Appellant

 

V.

 

ROBERT KOSNOSKI and 

VILLAGE GREEN REAL ESTATE INVESTMENT, L.C.,
Appellees

 

 

______________________________________

 

On
Appeal from the 281st District Court

Harris County, Texas

Trial
Court Cause No. 96-32884

 

______________________________________

 

 

O
P I N I O N








In
this appeal from a fraud and conspiracy case, Nga Van
Nguyen d/b/a Eurotex Investment Co. (ANguyen@)
appeals pro se a judgment in favor of Village Green Real Estate
Investment, L.C. (AVillage Green@).[1]  As is typical of pro se briefing,
Nguyen has not specifically couched his arguments in terms of Apoints
of error@
or Aissues
for review.@  Nevertheless, a liberal
reading of Nguyen=s brief suggests that he appeals on the grounds that: (1) the
trial court erred in finding that there was no common law fraud, fraud relating
to real estate transactions, or conspiracy to commit fraud; (2) he was denied a
fair trial due to the jury=s limited knowledge of condominiums, homeowner associations,
assessments, real estate transactions, and foreclosures; and (3) the jury=s
failure to find in his favor on questions one and six of the jury charge was
against the evidence.[2]  Village Green did not file a brief.  Because Nguyen failed to provide appropriate citations
to authorities and to the record, he waived his complaints, and we affirm. 

Background

Nguyen
owned forty-two condominium units which were managed by North Village Green I
Condominium Association (the AAssociation@). Subsequently, the Association initiated foreclosure
proceedings on Nguyen=s condominium units because he was delinquent in paying his
maintenance fees.  Although Nguyen=s
brief does not explain well what chain of events followed the foreclosure of
the condominium units, it appears that the Association purchased them at a
foreclosure sale in June, Kosnoski and Village Green
purchased them in another foreclosure sale in July, and then an individual
purchased them.








Nguyen filed suit contending that Village Green was liable
for (1) common law fraud for misrepresenting Village Green=s right to conduct the foreclosure
sale based on Nguyen=s failure to pay the Association=s assessment of maintenance fees; (2)
fraud in a real estate transaction for Village Green=s misrepresentation that the earnest
money contract presented to Nguyen for his signature was the same as the one
previously given to Nguyen,[3]
and that Nguyen would not have purchased the condominium units if Village Green
had disclosed the maintenance fees owed by Village Green on the condominium
units before Nguyen bought them;[4]
and (3) conspiring with the Association to commit common law fraud because the
individual who ultimately bought the condominium units did not pay Nguyen.  A jury found in questions one and six,
respectively, that: Village Green had not committed fraud against Nguyen and
Village Green had not committed fraud against Nguyen to induce him into a real
estate transaction. 

Waiver

Nguyen contends that the trial court erred in finding that there
was no common law fraud, fraud relating to real estate transactions, or
conspiracy to commit fraud.  Nguyen also
contends that he was denied a fair trial due to the jury=s limited knowledge of condominiums,
homeowner associations, assessments, real estate transactions, and
foreclosures.  Finally, Nguyen argues
that the jury=s failure to find in his favor in
questions one and six of the jury charge was against the overwhelming weight of
the evidence.  








Under Rule 38.1(h) of the Texas Rules of Appellate Procedure,
an appellant=s brief must contain a clear, concise
argument for the contentions made, including appropriate citations to
authorities and to the record.  Tex. R. App. P. 38.1(h).  Nguyen, however, failed to support any of his
arguments with legal authority or with references to the record.  An issue not supported by authority is
waived.  Federal Sign v. Texas S. Univ.,
951 S.W.2d 401, 410 (Tex. 1997), superseded by statute on other grounds,
(recognizing that generally failure to cite supporting authority for an
argument waives the claimed error); FCLT Loans, L.P. v. Estate of Bracher, No. 14-00-00577-CV, 2002 WL 287805, at * 11
(Tex. App.CHouston [14th Dist.] Feb. 28, 2002, no pet.). 
Moreover, an issue not supported by references to the record is
waived.  In re D.S., No.
14-00-001457-CV, 2002 WL 287738, at *2 (Tex. App.CHouston [14th Dist.] Feb. 28, 2002, no pet.). 
This Court has no duty to search a voluminous record without guidance from
Nguyen to determine whether an assertion of reversible error is valid.  See Melendez v. Exxon Corp., 998
S.W.2d 266, 280 (Tex. App.CHouston [14th Dist.] 1999, no
writ).  Thus, Nguyen waived his arguments
and the judgment of the trial court is affirmed.

 

 

                                                                        /s/        Paul C. Murphy

                                                                                    Senior
Chief Justice

 

Judgment rendered
and Opinion filed July 3, 2002.

Panel consists of
Justices Hudson, Fowler, and Murphy.[5]

Publish C Tex.
R. App. P. 47.3(b).

 

 

 











[1]  The questions
to the jury pertained only to Village Green and the judgment entered by the
trial court is against only Village Green. 
Because Nguyen appeals from the judgment entered by trial court, we read
his appeal to be only against Village Green.





[2]  We read Nguyen
to be arguing that the jury findings in questions one and six were against the
overwhelming weight of the evidence.





[3]  It is not
clear from Nguyen=s pleading or appellate brief what the significance of
this alleged misrepresentation is.





[4]  Nguyen=s brief does not explain how it is that Village Green
allegedly owed maintenance fees to the Association on the condominium units
before Nguyen purchased them.





[5]  Senior Chief Justice Paul C. Murphy sitting by assignment.